# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 13-0529** (BOR Appeal No. 2047926)
(Claim No.  2012008745)

**JAMES BOWEN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated April 19, 2013, in which the Board affirmed a November 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 5, 2011, decision which rejected the claim. In its Order, the Office of Judges also reversed the claims administrator's December 28, 2011, decision which denied a request for a consultation with an orthopedist. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bowen, a maintenance electrician, alleges he developed carpal tunnel syndrome and left trigger thumb in the course of his employment. Allen Young, M.D., examined Mr. Bowen in September of 2011 and Mr. Bowen reported left hand pain, burning and tingling in both hands, and locking of his left thumb. Dr. Young diagnosed left median neuropathy and trigger finger of the bilateral thumbs. He stated that Mr. Bowen uses hand tools repeatedly throughout his work day and has done so for fifteen years. He opined that the conditions were work-related. Mr. Bowen testified in a deposition on February 23, 2012, that his employment duties include using

1

pliers, hacksaws, screw drivers, and other hand tools. He stated that his diabetes has been under control for two to three years with diet and exercise and that he requires no medication for it.

Chandos Tackett, M.D., indicated in an October of 2011 treatment note that Mr. Bowen had no numbness in his fingers and likely did not have carpal tunnel syndrome. He diagnosed osteoarthritis in the left thumb as well as trigger finger. He also noted that Mr. Bowen has diet-controlled diabetes. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 10, 2012, in which he found that an EMG had revealed mild right carpal tunnel syndrome. He diagnosed arthrosis at the carpometacarpal joint of the left thumb and borderline right carpal tunnel syndrome and opined that the conditions were not work-related. He noted that Mr. Bowen has two risk factors for carpal tunnel syndrome in the form of diabetes and excess weight. He also opined that his work as a maintenance electrician does not involve the degree of force or repetition required to cause carpal tunnel syndrome.

The claims administrator rejected the claim for carpal tunnel syndrome and left trigger thumb on October 5, 2011, and on December 28, 2011, denied a request for a consultation with an orthopedist. The Office of Judges reversed the decisions in its November 30, 2012, Order, held the claim compensable for right carpal tunnel syndrome and left trigger thumb, and authorized the requested orthopedic consultation.

The Office of Judges found that Dr. Mukkamala's report was not persuasive in light of the fact that Mr. Bowen's diabetes has been controlled without medication for a number of years. The Office of Judges found that Dr. Mukkamala greatly minimized the type of work Mr. Bowen performs with his hands and fingers and that he over emphasized his risk factors given that Mr. Bowen does not currently have diabetes and does not require medication. It was found that the work described by Mr. Bowen was of sufficient repetitive and forceful hand use to cause carpal tunnel syndrome. Dr. Mukkamala found that the left trigger thumb was caused by osteoarthritis, but the Office of Judges stated that Dr. Tackett determined that Mr. Bowen had osteoarthritis in his left thumb as well as trigger finger. The Office of Judges concluded that this meant that the two conditions are not mutually exclusive and that Dr. Tackett's report did not relate the trigger finger to osteoarthritis.

Dr. Young found that the conditions were work-related. Dr. Mukkamala's opinion was found to be less persuasive due to his minimization of Mr. Bowen's use of hand tools and his incorrect use of diabetes as a risk factor for carpal tunnel syndrome. The Office of Judges stated that the fact that Mr. Bowen was performing a great deal of overtime when his thumb began locking tends to indicate an occupational etiology. It found that it was clear that other workmen are not equally exposed to the conditions of Mr. Bowen's employment. Also, Mr. Bowen has no hobbies requiring use of his hands. It is strictly his work environment that requires repetitive use of his hands. Since the conditions were found to be compensable, the Office of Judges held that the requested orthopedic consultation should be authorized because it was directly related to the compensable conditions and medically reasonable.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 19, 2013, decision. We agree with the reasoning of the

Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Bowen developed carpal tunnel syndrome and left trigger thumb in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin